[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action concerning the ending of a marriage. All jurisdictional requirements for its maintenance have been met.
The parties intermarried at Sumter, South Carolina on November 27, 1957. The three children, issue of the marriage, have all reached their majority.
The marriage has broken down irretrievably. It would serve little purpose to set out the course of the marriage in detail. The court believes the plaintiff's testimony. It does not believe the defendant's testimony. It finds that the defendant caused the breakdown.
Under these circumstances the plaintiff should get a larger part of the family assets than the defendant. However, the economic situation of the defendant, his ill health and age compels the court to divide the assets as equally as possible between the parties. CT Page 8248
The plaintiff's request for a legal separation is granted.
The plaintiff is awarded alimony in the amount of $150 per week.
The family residence at 81 Beardsley Road in Shelton shall be put up for sale immediately. The parties shall cooperate in effecting the sale. The net proceeds of the sale shall be divided — 50% to the plaintiff and 50% to the defendant. From the defendant's share the plaintiff shall be paid the arrearage presently due and the balance shall be turned over to the defendant. The court finds the arrearage to be $12,634.98 as of July 19, 1991. The defendant may remain on the premises until the property is sold and shall keep current any expenses due.
The defendant may remove from the family residence his clothes, personal items, tools, his professional books and papers, the china and crystal set, dining room cabinet, tables and chairs. The plaintiff may remove, or have removed, any other items which she desires. The remaining items of whatsoever kind and nature remaining on the property shall be sold as soon as possible and the net proceeds of such sale shall be divided — 50% to the plaintiff and 50% to the defendant.
The certificates of deposit in the Bank of New Haven shall be liquidated and from the net proceeds the defendant shall be given his Workman's Compensation award of $30,954.69 plus any interest accrued on it. The balance shall be divided — 50% to the plaintiff and 50% to the defendant.
The 1990 Volkswagen listed on the plaintiff's Financial Affidavit shall belong to her and the 1989 Volkswagen listed on the defendant's Financial Affidavit shall belong to him. Any amount due on the plaintiff's car shall be paid by her.
The Sikorsky Credit Union account in the amount of $1,414.00 plus interest to date shall belong to the defendant. Said account shall not be closed or reduced as it provides a $5,000 life insurance policy the beneficiary of which is the plaintiff unless the plaintiff predeceases the defendant in which case he may withdraw said funds. The defendant shall not change the beneficiary of said policy unless the plaintiff predeceases the defendant.
The plaintiff's portion of the Worker's Compensation Award in the amount of $25,000 plus interest shall belong to her.
The defendant's personal checking account in the Connecticut National Bank shall belong to him. CT Page 8249
The UTC life insurance policy in the amount of $151,000 shall remain in effect and the defendant shall name as beneficiary the plaintiff. These orders shall not be changed by the defendant unless the plaintiff predeceases the defendant at which time he is free to change the beneficiary.
The defendant shall own the four patents listed on his Financial Affidavit plus any rights, entitlements and interest in them. He shall continue to pay any obligations for patent fees due on them now or in the future. If the defendant sells any or all of said patents, he shall pay the plaintiff 25% of the net amount he receives for such sale or sales. If the defendant licenses any or all of said patents for use by another he shall pay the plaintiff 25% of the net amount he receives annually for such licensing.
The plaintiff shall continue under the defendant's medical and dental insurance for 36 months from the date hereof through UTC with the defendant to be responsible for payment of any premiums therein at the rate he is presently paying and the plaintiff shall pay any required amount over said premiums.
Each party shall pay the fees of their own attorneys and each shall be responsible for the liabilities listed on their Financial Affidavits.
What the situation is or could be concerning the Worker's Compensation matter involving the defendant is not clear from the testimony. The court therefore will retain jurisdiction of this action and shall hold another hearing if such is necessary because of future rulings of another tribunal.
Thomas J. O'Sullivan Trial Referee